### GRANTZ V. DEADWOOD TERRA MINING CO. *et al.*

Plaintiff conveyed to defendants a one-fourth interest in a mining lode, title to a part of which was disputed by owners of another lode, in consideration of defendants, who were attorneys, taking charge of plaintiff's interests in the premises. Litigation was averted through defendants' exertions, and a compromise effected, whereby the conflicting interests of the parties in the two lodes were consolidated. After the fulfillment of this agreement, defendants purchased the interests of the original owners of the second lode in that lode, conveying the same to other parties, and refused to account to plaintiff for the proceeds of the transaction. Held that, defendants' retainer as attorneys having terminated with the execution of the consolidation agreement, they occupied no trust relation to plaintiff involving a liability to account to him in acquiring interests in the lode and disposing of the same.

(Opinion filed June 3, 1903.)

Appeal from circuit court, Lawrence county, Hon. JOSEPH B. MOORE, Judge.

Action by Otto P. Th. Grantz against the Deadwood Terra Mining Company and others. From a judgment for defendant, plaintiff appeals. Affirmed.

*C. E. Davis*, for appellant.

CORSON, J.    This is an appeal from a judgment sustaining a demurrer to the plaintiff's complaint and dismissing the action.    The demurrer to the complaint was interposed by the defendants Daniel McLaughlin and William R. Steele upon the ground that the same did not state facts sufficient to constitute a cause of action against them, and that there was a defect of parties plaintiff, in that the alleged co-owners of the plaintiff were not made parties to the action.    It is alleged in the complaint, in substance, that the plaintiff and seven other parties were in June, 1880, the owners of a quartz mining claim known as the "Financial Lode;" that Gottstein and some six other parties were the owners of the mining claim known as the "Sioux Chief Lode;" that these two claims conflicted, and that the Sioux Chief lode embraced within its boundaries three-fifths of the Financial lode; that the owners of the Sioux Chief lode filed an application in the United States Land Office for a patent for the said lode; that thereupon the owners of the Financial lode employed McLaughlin and Steele, attorneys at law, to file an adverse, and to institute an action in the proper court to protect the rights of the plaintiff and his co-owners of the Financial lode; that for said service the plaintiff and his co-owners conveyed to the said McLaughlin and Steele an undivided one fourth interest in the said Financial lode; that subsequently a compromise was effected, and a contract entered into in writing between the owners of the respective lodes, by the terms of which it was agreed "that the said Financial lode, and the said Sioux Chief lode shall be consolidated into one property under the name of the 'Sioux Chief Mine,' and that the said parties of the first part shall convey to the said parties of the second part an undivided two-fifths interest in and to

the said Financial lode, and the said parties of the second part shall convey to the said parties of the first part an undivided three-fifths interest in and to the said Sioux Chief lode; and, after such conveyance shall have been executed and delivered as aforesaid, the said consolidated property will then consist of eighteen hundred and forty-one linear feet and horizontal measurement by a width of about two hundred and twenty-five feet." And it was further agreed "that the pending action in the circuit court to determine the right of possession of the ground in conflict shall be dismissed by the parties of the first part, and the protests and adverse claims heretofore filed in the United States Land Office against the application of the said parties of the second part by some of the parties of the first part shall be withdrawn and dismissed and said application allowed to proceed without unnecessary delay to the entry and purchase of the gronnd described as the 'Sioux Chief Lode,' which shall be done, however, for the use and benefit of all the parties to this agreement and contract, as hereinbefore more particularly menticned." This agreement was acknowledged and recorded in the office of the register of deeds in and for Lawrence county, in which the claims were situated. It is further alleged "that the defendants McLaughlin and Steele, who were the co-owners of this plaintiff, and were his attorneys at law in preparing and advised the execution of the aforesaid contract, have, under the said contract, and subject thereto, obtained the title to all the said Sioux Chief lode from Meyer Gottstien and his co-owners, and have deeded the entire Sioux Chief lode, except a one-fifteenth interest, to the defendant Deadwood Terra Mining Company, which received a deed therefor with full knowledge

of all the facts herein set out, and of the rights and equities of this plaintiff in and to the Sioux Chief lode: that this plaintiff is entitled under the said contract to an undivided one-fifth interest in and to the entire Sioux Chief lode as patented and held by the above-named grantees; that the defendants McLaughlin and Steele received for the Sioux Chief lode large sums of money, to wit, the sum of $3,500 from the Deadwood Terra Mining Company and the sum of $300 from the railroad company for a right of way for its railroad, which runs over and across the said claim, and have kept and retained from the plaintiff all sums so received, and refused to account to this plaintiff in any sums whatsoever, and there is due thereon from the said defendants to plaintiff the sum of $760, no part of which has been paid, though demanded; that this plaintiff never at any time consented to or authorized the defendants McLaughlin or Steele, or any other person, to sell or dispose of plaintiff's interest in or to the said Sioux Chief lode; and the Deadwood Terra Mining Company has caused to be recorded in the office of the register of deeds of Lawrence county, South Dakota, said deed, and the same constitute a cloud upon plaintiff's title to the said premises and greatly injures plaintiff in the use and disposition thereof. And the plaintiff demands judgment that said McLaughlin and Steele account to him for his interest in the proceeds of the sale of the said Sioux Chief lode to the Deadwood Terra Mining Company, and to the railroad company, with legal interest from the dates the same became due."

It will be observed that the plaintiff's complaint is drawn upon the theory that McLaughlin and Steele, in conveying the property to the Deadwood Terra Mining Company, were dis-

posing of property held in trust by them for the benefit of the plaintiff and his co-owners in the Financial lode. and it is upon this theory that the plaintiff claims to recover of McLaughlin and Steele his one fifth of the money that was received by them from the Deadwood Terra Mining Company and the railroad company.    This theory is not sustained by the alleged facts in the case.    It will be observed that the plaintiff and his co-owners were the owners of the Financial lode; Gottstien and his co-owners were the owners of the Sioux Chief lode; that litigation arose between the two claims, and that McLaughlin and Steele were employed by the owners of the Financial lode to conduct the litigation on the part of the owners of that claim, for which they received a one-fourth undivided interest of the same; that a compromise was effected, by which the two claims were consolidated, and the owners of the Sioux Chief lode allowed to procure a patent for the whole of the ground in controversy under the agreement.    That agreement, as before stated, was in writing, acknowledged and recorded, and the agreement therein carried out, as the plaintiff alleges that he has performed each and every act required, proper, or necessary for him to perform in fulfiling the terms of the said contract.    When that consolidation was effected, therefore, and that agreement entered into, and the required conveyances made, the retainer of McLaughlin and Steele was terminated. So far as the complaint discloses, they had no further duties to perform as attorneys for the plaintiff and his co-owners. There was, therefore. no trust relation between McLanghlin and Steele and the plaintiff after the said consolidation was perfected.    It is alleged by the plaintiff that McLaughlin and Steele had no authority to convey his interest to the said Dead‌

wood Terra Mining Company, and we are unable to perceive in what manner McLaughlin and Steele, in making the transfer of the property to the Deadwood Terra Mining Company were acting as trustees of the plaintiff. It is alleged that they secured the interest of the owners of the Sioux Chief lode, whatever interest that may have been, and with their own interest conveyed the same to the Deadwood Terra Mining Company. There is, therefore, no trust involved in this transaction, and, so far as the complaint discloses, McLaughlin and Steele have received no money belonging to the plaintiff, or in which the plaintiff had any interest. Whatever interest the plaintiff had in the property was a legal interest, secured by his contract, and whatever interest McLaughlin and Steele acquired in the property was also a legal interest, secured by the conveyance under the contract with the plaintiff and his co-owners of the Financial lode and their purchase of the interest of the owners of the Sioux Chief lode. The plaintiff, therefore, has no remedy against McLaughlin and Steele, and the demurrer to the complaint was properly sustained on the ground that the same did not state facts sufficient to constitute a cause of action as to them. In the view we have taken of the case, it is not necessary to consider the question of the defect of the parties plaintiff, and upon that question we express no opinion.

The judgment of the court below sustaining the demurrer and dismissing the complaint is affirmed.